# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
July 2, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JOSEPH DAVENPORT,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0197** (BOR Appeal No. 2047814)
                          (Claim No. 2011042182)

**FRONTIER DRILLING, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Joseph Davenport, by William B. Gerwig III, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Frontier Drilling, LLC, by Maureen Kowalski, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 4, 2013, in which the Board affirmed an October 29, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 2, 2012, decision which denied payment for items on the addendum/change document in the amount of $9,400. In its decision, the claims administrator also authorized an electrical power upgrade cost of $2,200. In its Order, the Office of Judges also affirmed the claims administrator's July 6, 2012, decision which denied authorization of continued temporary home modification device rentals as of July 27, 2012. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Davenport, a coal miner, sustained injuries resulting in paralysis when he was crushed on a drilling rig on May 4, 2011. Confined to a wheelchair, Mr. Davenport moved in with his sister, Tracy Wadley, in Colorado. Ms. Wadley's home required modifications in order to accommodate Mr. Davenport. The claims administrator approved $87,500 for the renovations on November 9, 2011. It was agreed between the parties that the claims administrator would pay Mr. Davenport the money and Ms. Wadley would hire a contractor to complete the renovations

1

which included raising the living room floor, widening doorways and hallways to three feet, building ramps, replacing the flooring with wheelchair rated industrial vinyl and berber carpet, and building a 750 square foot addition onto the home. The original proposal, approved by the claims administrator, was given by Bob White, who was also hired to complete the renovations. The claims administrator also agreed to pay rental payments for temporary home modification devices until the renovations were completed.

The start date of the renovations was delayed and Mr. White eventually was unable to complete the project with the money provided. An itemized addendum and/or change form was submitted requesting more money for the renovations totaling $11,600. Mr. White explained in an addendum that the cost of concrete increased due to extreme winter temperatures, which was common in Colorado. After excavation for the addition to the home, the ground was discovered to be an old leach field which required raising the foundation level. Also, an electrical panel inside the home caused the need to reroute an access corridor along the outside of the structure. These problems caused the total cost of concrete to increase by $2,200. The access problem caused a significant drainage problem with the roof which cost $3,600 to correct. The new structure requires an electrical upgrade which costs $2,200. Material quotes from buyers are only valid for thirty days, so the price of materials increased by $1,100 between the bid and the start date. The delay also caused an increase in the cost of labor due to winter conditions.

The claims administrator denied the request for an additional $9,400 in order to complete the home modification and approved the additional $2,200 for the power upgrade on April 2, 2012. It stated that all of the itemized additional charges, except the power upgrade, were things Mr. White should have included or did include in his original proposal which the claims administrator approved and paid for. The claims administrator also denied a request to continue rental payments for home modification devices on July 6, 2012. It reasoned that the home modifications should have been completed within twelve months.

The Office of Judges affirmed the claims administrator's decisions in its October 29, 2012, Order. It found that the claims administrator accepted a proposed bid from Ms. Wadley. The parties agreed that the claims administrator would pay Mr. Davenport and Ms. Wadley would secure a contractor. Ms. Wadley paid her chosen contractor, Mr. White, the entire $87,000 prior to the project being completed to her satisfaction. The claims administrator was determined to have no further obligation to pay additional money for the modifications. It was not a party to the contract between Ms. Wadley and Mr. White. The Office of Judges determined that Ms. Wadley's dissatisfaction with the work performed and Mr. White's need for more money to complete the renovations is a matter of dispute between Ms. Wadley and Mr. White and does not involve the claims administrator who paid the full amount originally requested for the renovations. The Office of Judges also determined that the claims administrator had no further obligation to pay rental fees for home modification devices. It found that there was excessive delay in completing the modifications. That delay was determined to be through no fault of the claims administrator who was not a party to the contract and had no way to enforce the contract or prevent excessive delay. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its February 4, 2013, decision.

We find that the decision of the Board of Review is based, in part, upon erroneous conclusions of law. The Office of Judges found that the claims administrator was not a party to the contract between Ms. Wadley and Mr. White and therefore was not required to pay the additional requested $9,400 in order to complete the home modifications. However, pursuant to West Virginia Code § 23-4-3(a) (2005), the claims administrator must provide medically related and reasonably required medical treatment and healthcare or healthcare goods and services for an injury received in the course of employment. The claims administrator previously determined that home modifications were necessary due to Mr. Davenport's compensable injury. Those modifications have not been completed and an additional $9,400 is required in order to complete the project. The requested money is necessary due to unforeseen circumstances including delay, foundation problems, and access problems. The claims administrator has a statutory obligation to provide the requested money to complete the renovations.

The claims administrator previously determined that temporary home modification devices pending completion of the home modifications was medically related and reasonably required due to Mr. Davenport's compensable injury. After delays in finishing the modifications, the claims administrator decided that it would no longer pay for the devices. The Office of Judges affirmed the claims administrator's decision based upon the fact that the claims administrator was not a party to the contract for home modifications. However, the temporary home modification devices are still medically related and reasonably required and the delay in finishing the home modifications does not remove the claims administrator's statutory requirement to provide them.

For the foregoing reasons, we affirm the decision of the Board of Review insofar as it awarded $2,200 for a power upgrade. We reverse the decision of the Board of Review insofar as it denied an additional $9,400. The decision of the Board of Review regarding continued payment of rental fees for temporary home modification devices is the result of erroneous conclusions of law and is therefore reversed. The case is remanded with instructions to pay the additional $9,400 and continue payments for temporary home modification devices until such time that the home modifications are completed or the devices become unnecessary.

Affirmed, in part, and Reversed and Remanded, in part.

**ISSUED: July 2, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3